**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-12-08135-001-PCT-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Harry McCabe, Sr., | |
| Defendant. | |

Pending before the Court is Defendant Harry McCabe, Sr.'s Motion for Compassionate Release (the "Motion") (Doc. 151), the Government's Response (Doc. 152), and Defendant's Reply (Doc. 153). For the following reasons, the Motion is DENIED.

**I.  BACKGROUND**

In 2012, a jury found Defendant McCabe guilty of one count of assault with a deadly weapon, one count of assault resulting in serious bodily injury, and two counts of use of a firearm in a crime of violence. (Doc. 116 at 1). On March 4, 2013, this Court sentenced Defendant to 166 months in the custody of the Bureau of Prisons ("BOP") with credit for time served, and five years of supervised release. (*Id.*). Defendant is housed at F.C.I. Victorville Medium II ("FCI Victorville"), and his projected release date is February 13, 2024. (Doc. 151 at 3). Defendant has served approximately "eight years and eight months" of his originally imposed thirteen-year and ten-month sentence. (*Id.* at 16).

While housed at FCI Victorville, Defendant made a written request for

compassionate release to the Warden based on overcrowding in the prison. (*See* Doc. 152-1 at 2). On July 31, 2020, the Warden denied Defendant's request for compassionate release. (Doc. 151 at 3). Defendant then filed the Motion on December 16, 2020. (Doc. 151). The Government filed its Response (Doc. 152) and Defendant filed his Reply (Doc. 153).

## II. LEGAL STANDARD

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). Compassionate release is an exception to the general rule that allows a court to reduce a term of imprisonment if a defendant meets certain requirements. *See* 18 U.S.C. § 3582(c)(1). "Section 3582(c) previously provided for compassionate release only upon motion of the BOP Director." *United States v. Partida*, No. CR 17-08260-001-PCT-DGC, 2020 WL 3050705, at *1 (D. Ariz. June 8, 2020). Now, after the enactment of the First Step Act of 2018, a defendant may bring such a motion for compassionate release under § 3582(c) after first exhausting all administrative rights to appeal with the BOP. *See id.* at *2; *United States v. Johns*, No. CR 91-392-TUC-CKJ, 2019 WL 2646663, at *1–2 (D. Ariz. June 27, 2019).

Next, for a court to grant compassionate release it must find "that (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). "Extraordinary and compelling reasons" include (1) a medical condition of the defendant, (2) the age of the defendant, (3) family circumstances, or (4) other reasons as determined by the Director of the BOP. *See* U.S.S.G. § 1B1.13 n.1; *see also Johns*, 2019 WL 2646663, at *1–2.

In addition to showing extraordinary and compelling reasons, the policy statements issued by the Sentencing Commission require a defendant to show that he "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13. 18 U.S.C. § 3142(g) lists factors to be considered in this determination

including the nature and circumstances of the offense, the weight of the evidence against the defendant, the history and characteristics of the defendant, and the danger that the defendant would pose to the community. *See* 18 U.S.C. § 3142(g). "A defendant bears the burden of demonstrating that [he] poses no danger to the community upon release." *United States v. Magana-Lopez*, No. CR1104200001TUCRCCJR, 2020 WL 6827766, at *4 (D. Ariz. Nov. 20, 2020).

Finally, 18 U.S.C. § 3582(c)(2) also requires a court to "consider[] the factors set forth in section 3553(a) to the extent they are applicable" when analyzing a motion for compassionate release. The § 3553(a) factors include:

> [T]he nature and circumstances of the offense and the history and characteristics of the defendant; the purposes of sentencing; the kinds of sentences available; the sentences and ranges established by the Sentencing Guidelines; relevant policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities among similarly situated defendants; and the need to provide restitution to victims.

*United States v. Trujillo*, 713 F.3d 1003, 1008 (9th Cir. 2013) (citing 18 U.S.C. § 3553(a)). A court must find both an extraordinary and compelling reason for compassionate release and that the § 3553(a) factors warrant compassionate release. *See Magana-Lopez*, 2020 WL 3574604, at *2 (considering extraordinary and compelling reasons and § 3553(a) factors separately); *United States v. Platt*, No. CR 18-195-WJM, 2020 WL 3839847, at *3 (D. Colo. July 8, 2020) (same). Thus, "compassionate release 'due to a medical condition is generally treated as 'an extraordinary and rare event.'" *United States v. Hearron*, No. CR 91-392-2-TUC-CKJ, 2020 WL 4569556, at *5 (D. Ariz. Aug. 7, 2020) (quoting *White v. United States*, 378 F.Supp.3d 784, 787 (W.D. Mo. 2019)).

**III. ANALYSIS**

Defendant argues that he has exhausted his administrative remedies, and the government does not dispute Defendant's assertion. (*See* Doc. 151 at 11; Doc. 152). The parties agree that, considering the COVID-19 pandemic, Defendant's medical conditions, including his obesity and type 2 diabetes, constitute extraordinary and compelling reasons

1  under 18 U.S.C. § 3582(c) and U.S.S.G. § 1B1.13. (Doc. 151 at 11–14; Doc. 152 at 8).
2  Thus, the Court will consider Defendant's administrative remedies exhausted and find that
3  Defendant's medical conditions constitute extraordinary and compelling reasons under 18
4  U.S.C. § 3582(c) and U.S.S.G. § 1B1.13. The parties disagree on the danger Defendant
5  poses to the community and the § 3553(a) factors as they apply to Defendant, so the Court
6  will analyze these areas in turn.

      **A.     Danger to the Community**

"Even where extraordinary and compelling reasons exist, compassionate release may not be granted where the defendant is a 'danger to the safety of any other person or to the community.'" *United States v. Capito*, No. CR1008050001PCTMTL, 2020 WL 5846608, at *5 (D. Ariz. Oct. 1, 2020) (quoting U.S.S.G. § 1B1.13(2)). Defendant bears the burden of demonstrating that he poses no danger to the community upon release. *Magana-Lopez*, 2020 WL 6827766, at *4. The Government argues, and the Court agrees, that Defendant has not carried this burden. (*See* Doc. 152 at 9–10).

Defendant asserts that, while his crime was a serious one, his behavior while being incarcerated, his proposed release plan, and his advanced age show that he is not a danger to the community. (*See* Doc. 151 at 15–17). Defendant asserts that he has not committed any disciplinary infractions while incarcerated and the government has not argued otherwise. (Doc. 153 at 6). Defendant has also provided evidence that he has completed numerous education courses in many different subjects including "nutrition, parenting, and anger management" while incarcerated. (Doc. 151 at 15). Further, Defendant asserts that, under the conditions of his supervised release, he would—for the first time—receive alcohol abuse treatment to address his alcohol issues which have led to much of his criminal history. (*Id.* at 16–17). Finally, Defendant argues that he is not a danger to the community because to his older age correlates with lower rates of recidivism. (*Id.* at 15–16).

The Court commends Defendant for his behavior and efforts at self-improvement while incarcerated. Nonetheless, the Court is not convinced that Defendant has shown he is no longer a danger to society based upon his history and the nature of his crime. *See*

- 4 -

1 *Capito*, 2020 WL 5846608, at \*6 (holding that, although defendant had been a model
2 prisoner and completed rehabilitative programs while incarcerated, defendant was still a
3 danger to the community because of his history and the nature of his crimes); *United States*
4 *v. Applewhite*, No. 6:08-CR-60037-MC, 2020 WL 137452, at \*2 (D. Or. Jan. 13, 2020)
5 (same).

6 Defendant's history contains over 100 arrests and more than fifteen of these
7 incidents have involved assaultive behavior. (Presentencing Report ("P.S.R.") at 22).
8 Further, Defendant's conduct leading to the conviction at issue was an escalation of his
9 previous violent behavior. In an unprovoked attack, Defendant shot the victim in the
10 temple, fled the scene, and was forced to the ground when he refused to comply with
11 officers' verbal commands. (*Id.* at 4). Of note, the victim's treating physician concluded
12 that "if the bullet had traveled 1 or 2 millimeters further, it could have cause[ed] [the
13 victim's] death." (*Id.* at 5).

14 In asserting that the Court should find that he is not a danger to society, Defendant
15 points out that much of his criminal history has been alcohol related. (Doc. 153 at 3). He
16 argues that the conditions of his supervised release and the "intensive substance or alcohol
17 abuse treatment that felony probation" provides would ensure that he is no longer a danger
18 to the community. (*Id.* at 3–4). The Court is unconvinced that the mandated conditions of
19 release will ensure Defendant is no longer a danger to the community. The P.S.R.
20 chronicles Defendant's persistent disregard for court orders. (*See* P.S.R. at 7–16); *see also*
21 *United States v. Cascketta*, No. CR-09-00678-002-PHX-JAT, 2021 WL 718220, at \*3 (D.
22 Ariz. Feb. 24, 2021) (finding defendant's past conduct of not complying with court orders
23 undermined his attestation that he would be less dangerous to the community as a result of
24 the conditions of his supervised release). As an additional note, Defendant has shown no
25 evidence that he followed or attempted to follow the Court's recommendation that he
26 participate in the Bureau of Prisons Residential Drug/Alcohol Abuse Treatment Program.

27 Defendant also asserts that his age of sixty correlates to lower rates of recidivism
28 and contributes to a finding that he is not a danger to the community. (Doc. 151 at 15).

However, the Court agrees with the Government that the United States Sentencing Commission's research does not apply to a case like Defendant's. (Doc. 152 at 9). Defendant's criminal history dates back to 1983, and he has been arrested for more than fifteen incidents involving assaultive behavior spread over the course of his long criminal record. (P.S.R. at 22). The case at issue is Defendant's most violent assaultive behavior to date and marked an escalation of his danger to the community through his use of a firearm. (*Id.* at 23). Defendant also cites no case law to support the notion that courts have considered lower likelihood of recidivism as a dispositive factor in determining a defendant's danger to the community. The Court is unconvinced that Defendant's advanced age contributes to a finding that he is no longer a danger to the community. *See United States v. Baye*, 464 F. Supp. 3d 1178, 1191 (D. Nev. 2020) (rejecting defendant's argument that he posed less of a danger to the community because of his advanced age and use of a cane); *see also United States v. Lane*, No. CR120141901PHXDGC, 2021 WL 661982, at *6 (D. Ariz. Feb. 19, 2021) (finding that defendant still posed a danger to the community despite his BOP PATTERN score placing him at a low risk for recidivism).

**B.  18 U.S.C. § 3553(a) Factors**

The Court finds that the 18 U.S.C. § 3553(a) factors also weigh against compassionate release. The nature and circumstances of Defendant's crime are grievous. *See supra* Section III.A; (P.S.R. at 4–5). Thus, after serving approximately nine years of a fourteen-year sentence, a reduction of Defendant's prison sentence is not warranted as it would not reflect the seriousness of Defendant's actions. *See United States v. Rice*, No. 12-CR-818-PJH, 2020 WL 3402274, at *3 (N.D. Cal. June 19, 2020) (finding, in part, that the nature of defendant's crime did not warrant reducing defendant's prison sentence by approximately one-third).

Further, reducing Defendant's sentence would not afford adequate deterrence. Defendant's conduct could have resulted in the death of his victim but for the bullet fragment stopping approximately one millimeter before striking an artery. (P.S.R. at 5). In many scenarios, firing a gun at the temple of another human would result in death. Despite

Defendant's significant criminal record, the Court mitigated Defendant's sentence from the 177 months recommended by the probation office and imposed a 166-month sentence—still in the high-end range to reflect Defendant's significant criminal history. (*See* P.S.R. at 23); (Doc. 116 at 1). Part of the reasoning for a sentence of this length is the need to deter others with comparable histories from engaging in similar criminal conduct. A reduction in Defendant's sentence would work against that reasoning and undercut the sentence's deterrent effect.

Finally, Defendant's history and the danger he poses to the public do not support a reduction of his sentence. It was Defendant's criminal history, in part, that originally led the Court to impose a higher-end sentence. (P.S.R. at 22–23). Defendant's use of violence in the instant case and in the past suggests that he is a threat to reoffend. Defendant has a history of assaulting household members, police officers, and—as in the present case—strangers. This criminal history combined with Defendant's long history of alcohol abuse, (*See* P.S.R. at 17), advises against compassionate release.

Thus, the Court finds that an evaluation of the § 3553(a) factors counsels against compassionate release. *See Magana-Lopez*, 2020 WL 3574604, at *2 (noting that denial of compassionate release is appropriate when the § 3553(a) factors weigh against release); *United States v. Silva*, No. 4:17-CR-554-PJH-03, 2020 WL 4039218, at *3–4 (N.D. Cal. July 17, 2020) (same); *Rice*, 2020 WL 3402274, at *3 (same); *see also United States v. Esparza*, No. CR 1:16-00122-DAD-BAM, 2020 WL 4805055, at *6 (E.D. Cal. Aug. 18, 2020) (noting that the court would need to find that the § 3553(a) factors supported release even if extraordinary and compelling reasons for compassionate release were found).

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Compassionate Release (Doc. 151) is **DENIED**.

Dated this 13th day of April, 2021.

James A. Teilborg
Senior United States District Judge